IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **LARRY LUERA and** | § | |
| **LINDA LUERA,** | § | |
| | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 16-1130** |
| | § | |
| **TEXAS FARMERS INSURANCE** | § | |
| **COMPANY** | § | |
| | § | |

## NOTICE OF REMOVAL

Defendant, TEXAS FARMERS INSURANCE COMPANY ("Texas Farmers"), a Write-Your-Own Program insurance carrier participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] appearing in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] hereby removes the state court action entitled "*Larry Luera and Linda Luera v. Wright National Flood Insurance Company*" (an erroneously named defendant), bearing Case No. 16-1368, in the 428th Judicial District Court of Hayes County, Texas, to the United States District Court for the Western District of Texas, Austin Division, and respectfully represents as follows:

### The Parties and Timeliness

1.  Larry Luera and Linda Luera ("Plaintiffs") filed the referenced state court action against Wright National Flood Insurance Company ("Wright National") on July 8, 2016. A true and accurate copy of the Plaintiffs' Original Petition ("Petition") is attached and incorporated hereto as part of Exhibit "A," as required by 28 U.S.C. §§ 1446(a) and 1147(b).

---

[1] 42 U.S.C. § 4001, *et seq*.
[2] *See* 44 C.F.R. § 62.23(f).
[3] 42 U.S.C. § 4071(a)(1); *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005).

2. Wright National, however, was not the correct insurer of the Plaintiffs' property.

3. The proper insurer is Texas Farmers, who had issued a Standard Flood Insurance Policy ("SFIP"), bearing policy number 8704312164 2014, for the property located at 1115 Barbara Drive, San Marcos, Texas ("subject property"). A copy of the Declarations Pages and SFIP are attached as Exhibit "B."

4. On or about August 22, 2016, Plaintiffs filed their First Amended Original Petition naming Texas Farmers Insurance Company as the company that issued the SFIP to Plaintiffs. (Ex. A).

5. On or about September 14, 2016, the Plaintiffs filed "Plaintiffs' Notice of Nonsuit with Prejudice as to Defendant Wright National Flood Insurance Company." (*Id*.).

6. Texas Farmers was served with the state court Citation and Plaintiffs' First Amended Original Petition ("Amended Petition") on or about October 3, 2016. Thirty days have not elapsed since Texas Farmers first received the Amended Petition through service of process or otherwise, and removal is timely under 28 U.S.C. §§ 1441 and 1446.

7. Because Wright National was nonsuited as a party-defendant prior to the filing of this Notice of Removal, consent of this co-defendant is unnecessary.

## Jurisdiction and Venue

8. Plaintiffs aver that Texas Farmers breached its contract of insurance by allegedly failing to pay the full amount of flood insurance benefits Plaintiffs claim they are entitled to under the SFIP issued by Texas Farmers.

9. Texas Farmers participates in and issues SFIPs under the NFIP WYO Program. The NFIP is a federal program created pursuant to the NFIA, 42 U.S.C. § 4001, *et seq.*

10. The payment that Plaintiffs seek in this lawsuit would constitute a direct charge on the public treasury, and would be binding upon the federal government. *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005); 44 C.F.R. § 62.23(f); 44 C.F.R. Pt. 62, App. A, Art. III(D)(1) and (2).

11. As such, this Court has "original exclusive jurisdiction" over this matter pursuant to 42 U.S.C. § 4072 and 44 C.F.R. Part 61, App. A(1), Article VII(R), which vests in the United States District Court for the district in which the insured property is located with exclusive subject-matter jurisdiction, without regard to the amount in controversy, over cases arising out of a disputed flood insurance claim under the NFIP. *See* 42 U.S.C. § 4072.

12. According to the Amended Petition, Plaintiffs' insured property is located at 1115 Barbara Drive, San Marcos, Texas, in Hays County, Texas, which is located within the jurisdiction of the United States District Court for the Western District of Texas. Therefore, this Court is the proper Court for removal of this action pursuant to 42 U.S.C. § 4072.

13. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs' right to relief involves the interpretation of federal statutes and regulations under the NFIP and necessarily depends upon the resolution of substantial questions of federal law. *See Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F.Supp.2d 800, 805 (S.D. Tex. 2000).

14. As a separate basis for federal jurisdiction, removal of this case is also proper under 28 U.S.C. § 1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating interstate commerce. Under the NFIA, 42 U.S.C. § 4001, *et seq.*, Congress is regulating commerce by promulgating this complex and comprehensive statutory scheme.

15. Lastly, to the extent that any of the claims of the Plaintiffs are not subject to federal jurisdiction, this Court has supplemental jurisdiction over all such claims under 28 U.S.C. §1367, as the state law based claims form a part of the same case and controversy.

16. Promptly after filing this Notice of Removal, written notice hereof will be given to Plaintiffs and will be filed with the Clerk of Court for the District Court in and for Hays County, Texas, in conformity with 28 U.S.C. § 1446(d).

WHEREFORE, Defendant, Texas Farmers Insurance Company, prays that this Notice of Removal be accepted as good and sufficient and that the aforementioned action, Case No. 16-1368 in the 428th Judicial District Court of Hays County, Texas, be removed to the United States District Court for the Western District of Texas for further proceedings as provided by law.

Dated: October 10, 2016	Respectfully submitted,

**BAKER & HOSTETLER, LLP**

By:	*/s/ Bradley K. Jones*
	Douglas D. D'Arche
	State Bar No. 00793582
	Federal ID No. 19437
	Bradley K. Jones
	State Bar No. 24060041
	Federal ID No. 931122
	811 Main St., Suite 1100
	Houston, Texas  77002
	Telephone: (713) 751-1600
	Facsimile:  (713) 751-1717
	E-mail: ddarche@bakerlaw.com
	bkjones@bakerlaw.com

AND

**NIELSEN, CARTER & TREAS, L.L.C.**
John D. Carter
La. State Bar. No. 24334
3838 N. Causeway Blvd. Suite 2850
Metairie, Louisiana 70002
Telephone: (504) 837-2500
Facsimile: (504) 832-9165
E-mail: jcarter@nct-law.com
**COUNSEL FOR DEFENDANT,
TEXAS FARMERS INSURANCE
COMPANY**

## **CERTIFICATE OF SERVICE**

        I hereby certify that on this 10th day of October, 2016, I served a copy of the foregoing on all counsel of record by certified mail, return receipt requested:

Kevin R. Michaels, Esquire
Law Offices of Kevin R. Michaels, P.C.
888 W. Sam Houston Parkway S., Suite 226
Houston, TX 77042
kmichaels@michaelslaw.net

                                            /s/  *Bradley K. Jones*
                                            Bradley K. Jones