# EXHIBIT A

DISTRICT CLERK
# CASE SUMMARY
## CASE NO. 16-1368

| | | |
|---|---|---|
| LARRY LUERA AND LINDA LUERA VS. WRIGHT NATIONAL FLOOD INSURANCE COMPANY AND TEXAS FARMERS INSURANCE COMPANY | § § § § | Location: 428th District Court<br>Judicial Officer: Henry, William R<br>Filed on: 07/08/2016 |

---

### CASE INFORMATION

Case Type: **Other Contract**

Case Status: **07/08/2016  Filed**

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Plaintiff** | Linda, Luera | Michaels, Kevin R.<br>*Retained*<br>281-496-9889(W) |
| | Luera, Larry | Michaels, Kevin R.<br>*Retained*<br>281-496-9889(W) |
| **Defendant** | Texas Farmers Insurance Company | |
| | Wright National Flood Insurance Company | |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| 09/14/2016 | **DISPOSITIONS**<br>Partial Dismissal/Non-Suit |
| | **OTHER EVENTS AND HEARINGS** |
| 07/08/2016 | Court's Docket Sheet |
| 07/08/2016 | Plaintiffs Original Petition (Open Case) |
| 07/12/2016 | Citation<br><br>Wright National Flood Insurance Company<br>Unserved |
| 08/09/2016 | Request for Issuance of Process<br>*of Citation* |
| 08/10/2016 | Citation<br><br>Wright National Flood Insurance Company<br>Unserved |
| 08/22/2016 | Amended Petition<br>*Plaintiffs' First Amended Original Petition and Request for Issuance of Citation* |
| 08/23/2016 | Motion To Dismiss<br>*with Prejudice and Proposed Order* |
| 08/23/2016 | Amended Motion<br>*for Partial Dismissal with Prejudice and Proposed Order* |
| 08/25/2016 | Citation<br><br>Texas Farmers Insurance Company |

### DISTRICT CLERK
# CASE SUMMARY
### CASE NO. 16-1368

Unserved

09/14/2016    🖹 Partial Non-Suit

*Wright National Flood Insurance Company*

| DATE | FINANCIAL INFORMATION |
|---|---|

**Plaintiff** Lucra, Larry

| | |
|---|---|
| Total Charges | 348.50 |
| Total Payments and Credits | 348.50 |
| **Balance Due as of 10/7/2016** | 0.00 |

*Printed on 10/07/2016 at 4:06 PM*

# CIVIL DOCKET

TRUE AND CORRECT COPY

## 16 — 1368
Filed: 07/08/2016

| Other Contract | 428th District Court |
| --- | --- |

**LARRY LUERA AND LINDA LUERA VS. WRIGHT NATIONAL FLOOD INSURANCE COMPANY**

| | Lead Attorney |
| --- | --- |
| Plaintiff<br>Luera, Larry<br>Linda, Luera | Michaels, Kevin R.<br>Michaels, Kevin R. |
| Defendant<br>Wright National Flood | Lead Attorney |

| DATE | ORDERS OF THE COURT |
| --- | --- |
| | |

I, BEVERLY CRUMLEY, District Clerk of Hays County, Texas, hereby certify that the foregoing consisting of ___1___ pages, is a true, correct and full copy of the instrument herewith set out as it appears of record in the District Clerk's Office of Hays County, Texas this ___6th___ day of ___October___, 20_16_.

Beverly Crumley, District Clerk

By: ___Rachel Vasn___

Deputy

TRUE AND
CORRECT COPY

FILED
7/8/2016 5:04:25 PM
Beverly Crumley
District Clerk
Hays County, Texas

CAUSE NO. _____16-1368_____

| | | |
|---|---|---|
| **LARRY LUERA** and | § | **IN THE DISTRICT COURT OF** |
| **LINDA LUERA** | § | |
| | § | |
| **VS.** | § | **HAYS COUNTY, T E X A S** |
| | § | |
| | § | |
| **WRIGHT NATIONAL** | § | |
| **FLOOD INSURANCE COMPANY** | § | _____ **JUDICIAL DISTRICT** |

### PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME **LARRY LUERA** and **LINDA LUERA**, Plaintiffs, complaining of **WRIGHT NATIONAL FLOOD INSURANCE COMPANY**, Defendant, and files this Original Petition, and in connection therewith would respectfully show the Court as follows:

### DISCOVERY PLAN

1.     Plaintiff would state that this lawsuit should be conducted under Discovery Level 3.

### PARTIES

1.     Plaintiffs **LARRY LUERA** and **LINDA LUERA** are residents of San Marcos, Hays County, Texas.

2.     Defendant **WRIGHT NATIONAL FLOOD INSURANCE COMPANY** is a domestic insurance company, admitted to do business in the State of Texas and participating in FEMA's "Write Your Own" (WYO) program. Defendant issued a Standard Flood Insurance Policy (hereinafter referred to as "SFIP") in its own name, as a fiscal agent of the United States, to the Plaintiffs. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Defendant is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the policy. Defendant can be served by serving its Attorney for Service, CT Corporation System at 1999 Bryan Street,



Suite 900, Dallas, Texas 75201.

## VENUE AND JURISDICTION

4.      The Court has jurisdiction over Defendant in that Defendant engages in the business of insurance in the State of Texas and because the property in question is also located in Hays County, Texas. The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs state that they seek monetary relief, the maximum of which is over $200,000.00 but not more than $1,000,000.00. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## STATEMENT OF FACTS

5.      Plaintiffs are the owner of a Texas Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Defendant. Plaintiffs own the insured property, which is located at 1115 Barbra Drive in San Marcos, Texas (hereinafter referred to as "the Property"). Defendant sold the policy, insuring the Property as to flood damage, to Plaintiff.

6.      On or about May 26, 2015, a tremendous amount of rain fell in the San Marcos area causing widespread flooding throughout the area. The flooding caused severe damage to Plaintiffs' property which in turn led to significant damages. Compliance with FEMA regulations and guidelines require an extensive remediation and rebuild of Plaintiffs' property. Shortly after the storm, Plaintiffs filed an insurance claim with Defendant for the damages. Plaintiffs asked that Defendant cover the cost of repairs to the Property pursuant to the Policy.

7.      As detailed herein, Defendant wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

2



Furthermore, Defendant underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by the Plaintiffs as well as under scoping the damages during their investigation. Additionally, Defendant continues to delay in the payment of the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to its Property.

8.      Defendant has failed to perform their contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it has refused to pay the full proceeds of the Policy although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

9.      Defendant misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Texas Insurance Code, Section 541.060(a)(1).

10.     Defendant has failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Texas Insurance Code, Section 541.060(a)(2)(A).

11.     Defendant has failed to explain to Plaintiffs the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs'

TRUE AND
CORRECT COPY

claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Texas Insurance Code, Section 541.060(a)(3).

12.     Defendant has also failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Texas Insurance Code, Section 541.060(a)(4).

13.     Defendant has refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Texas Insurance Code, Section 541.060(a)(7).

14.     Defendant has also failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Texas Insurance Code, Section 542.055.

15.     Defendant has failed to accept or deny Plaintiffs' full and entire claim within statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Texas Insurance Code, Section 542.056.

TRUE AND
CORRECT COPY

16.     Defendant has failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date Plaintiff has not yet received full payment for their claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Texas Insurance Code, Sections 542.057 and 542.058.

17.     From and after the time Plaintiffs' claim was presented to Defendant, Defendant's liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

18.     Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs. As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

19.     Defendant is liable to Plaintiffs for common law fraud. Each and every one of these representations, as described above, concerned material facts for the reason Plaintiffs would not have acted and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, there causing Plaintiffs to suffer injury and constituting common fraud.

20.     Defendant is liable to Plaintiffs for intentional breach of contract, as well intentional violations of the Texas Insurance Code.

TRUE AND
CORRECT COPY

## CAUSES OF ACTION

## BREACH OF CONTRACT

21.     Plaintiffs incorporate herein by reference the factual statements set forth in paragraphs 1 through 20 above.

22.     Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiffs. Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitute a breach of Defendant's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICE AND
## THE PROMPT PAYMENT OF CLAIMS

23.     Plaintiffs incorporate herein by reference the factual statements set forth in paragraphs 1 through 22 above.

24.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Texas Insurance Code, Section 541.060(A). All violations under this article are made actionable by Texas Insurance Code, Section 541.151. Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of completion and an unfair and deceptive act or practice in the business of insurance. Texas Insurance Code, Section 541.060(1).

25.     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and un unfair and deceptive act or practice in the business of insurance. Texas Insurance Code, Section 541.060(a)(2)(A).

6

TRUE AND
CORRECT COPY

26.     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Texas Insurance Code, Section 541.060(3).

27.     Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive at or practice in the business of insurance. Texas Insurance Code, Section 541.060(4).

28.     Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Texas Insurance Code, Section 541.060(7).

29.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Texas Insurance Code, Section 542.060.

30.     Defendant's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the Texas Insurance Code, Section 542.055.

TRUE AND
CORRECT COPY

31.     Defendant's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. Texas Insurance Code, Section 542.056.

32.     Defendant's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Texas Insurance Code, Section 542.057 and 542.058.

## KNOWLEDGE

33.     Plaintiffs incorporate herein by reference the factual statements set forth in paragraphs 1 through 33 above.

34.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

35.     Plaintiffs incorporate herein by reference the factual statements set forth in paragraphs 1 through 34 above.

36.     Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to its insureds in insurance contracts.

37.     Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant knew or should have known by exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

TRUE AND
CORRECT COPY

## DAMAGES

38.    Plaintiffs incorporate herein by reference the factual statements set forth in paragraphs 1 through 37 above.

39.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

40.    For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim together with attorney's fees.

41.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiffs ask for three times her actual damages. Texas Insurance Code, Section 541.152.

42.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorney's fees. Texas Insurance Code, Section 542.060.

43.    For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with interest and court costs.

44.    For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.



TRUE AND CORRECT COPY

## REQUESTS FOR DISCLOSURE

45.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days of service

of this request, the information or material described in Rule 194.2(a)-(l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof,

Plaintiffs recover such sums as would reasonably and justly compensate her in accordance with

the rules of law and procedure, both as to actual damages, treble damages under the Texas

Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiffs

request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court

in her behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for

any other and further relief, either at law or in equity, to which they may show themselves to be

justly entitled.


Respectfully submitted,

**LAW OFFICES OF KEVIN R. MICHAELS, P.C.**

By:     */s/ Kevin R. Michaels*
      Kevin R. Michaels
      State Bar No.: 00784598
      888 W. Sam Houston Pkwy. S., Suite 226
      Houston, Texas 77042
      Telephone: 281-496-9889
      Facsimile: 281-496-4211
      kmichaels@michaelslaw.net

**ATTORNEY FOR PLAINTIFFS**

I, BEVERLY CRUMLEY, District Clerk of Hays
County, Texas, hereby certify that the foregoing
consisting of __12__ pages, is a true, correct
and full copy of the instrument herewith set out
as it appears of record in the District Clerk's
Office of Hays County, Texas this __9th__
day of __September__, 20__16__.
Beverly Crumley, District Clerk

By: __Rachael Evans__
                    Deputy

**TRUE AND CORRECT COPY**

CITATION

THE STATE OF TEXAS

CAUSE NO. 16-1368

STYLED:  LARRY LUERA AND LINDA LUERA VS.  WRIGHT NATIONAL FLOOD INSURANCE COMPANY

TO:  WRIGHT NATIONAL FLOOD INSURANCE COMPANY, BY SERVING ITS ATTORNEY FOR SERVICE CT. CORPORATION SYSTEM 1999 BRAYN STREET, SUITE 900, DALLAS, TX 75201.

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."**

Attached is a copy of the **PLAINTIFF'S ORIGINAL PETITION**, which was filed by the **PLAINTIFF**, in the above styled and numbered cause on the **8TH DAY OF JULY, 2016**, in the 428th District Court of Hays County, San Marcos, Texas.

Issued and given under my hand and seal of said Court at San Marcos, Texas on this the 10th day of August, 2016.

REQUESTED BY:
Kevin R. Michaels;
888 W Sam Houston Pkwy S. Suite 226
Houston TX  77042;
281-496-9889

BEVERLY CRUMLEY
Hays County District Clerk
Hays County Government Center
712 Stagecoach Trail, Ste. 2211
San Marcos, Texas 78666

By: _____
Mallory Rogers, Deputy

## OFFICER'S RETURN

Came to hand on the ___ day of _____ 20___ at _____ o'clock ___M and executed the ___ day of _____ 20___ by  delivering to defendant _____ in person, a true copy of this citation with a copy of the petition attached thereto on ____ day of _____ 20___ at _____ o'clock ___M at _____ in _____ County, Texas.

[ ] Not executed. The diligence used in finding defendant being_____

[ ] Information received as to the whereabouts of defendant being_____

Service Fee:$_____

Sworn to and subscribed before me this the
_____day of_____,_____.

SHERIFF/CONSTABLE/AUTHORIZED PERSON
BY:_____

_____
Printed Name of Server

_____
NOTARY PUBLIC, THE STATE OF TEXAS

_____County, Texas

ORIGINAL FOR RETURN

I, BEVERLY CRUMLEY, District Clerk of Hays
County, Texas, hereby certify that the foregoing
consisting of ___1___ pages, is a true, correct
and full copy of the instrument herewith set out
as it appears of record in the District Clerk's
Office of Hays County, Texas this _9th_
day of _September_, 20_16_.
Beverly Crumley, District Clerk

By: _Rachael Vasquez_____
                    Deputy



TRUE AND CORRECT COPY

CITATION

THE STATE OF TEXAS

CAUSE NO. 16-1368

STYLED: LARRY LUERA AND LINDA LUERA VS. WRIGHT NATIONAL FLOOD INSURANCE COMPANY

TO: WRIGHT NATIONAL FLOOD INSURANCE COMPANY, BY SERVING ITS ATTORNEY FOR SERVICE CT. CORPORATION SYSTEM 1999 BRAYN STREET, SUITE 900, DALLAS, TX 75201.

**NOTICE TO DEFENDANT:  "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."**

Attached is a copy of the **PLAINTIFF'S ORIGINAL PETITION**, which was filed by the **PLAINTIFF**, in the above styled and numbered cause on the **8TH DAY OF JULY, 2016**, in the 428th District Court of Hays County, San Marcos, Texas.

Issued and given under my hand and seal of said Court at San Marcos, Texas on this the 10th day of August, 2016.

REQUESTED BY:
Kevin R. Michaels;
888 W Sam Houston Pkwy S. Suite 226
Houston TX  77042;
281-496-9889

BEVERLY CRUMLEY
Hays County District Clerk
Hays County Government Center
712 Stagecoach Trail, Ste. 221F
San Marcos, Texas 78666

By: _____
Mallory Rogers, Deputy

## OFFICER'S RETURN

Came to hand on the ___ day of _____ 20___ at _____ o'clock ___M and executed the ___ day of _____ 20___ by delivering to defendant _____ in person, a true copy of this citation with a copy of the petition attached thereto on ____ day of _____ 20___ at _____ o'clock ___M at _____ in _____ County, Texas.

[ ] Not executed. The diligence used in finding defendant being_____

[ ] Information received as to the whereabouts of defendant being_____

Service Fee:$_____

Sworn to and subscribed before me this the
_____day of_____, _____.

SHERIFF/CONSTABLE/AUTHORIZED PERSON
BY:_____

_____
Printed Name of Server

_____
NOTARY PUBLIC, THE STATE OF TEXAS

_____ County, Texas

ORIGINAL FOR RETURN

I, BEVERLY CRUMLEY, District Clerk of Hays
County, Texas, hereby certify that the foregoing
consisting of ___1___ pages, is a true, correct
and full copy of the instrument herewith set out
as it appears of record in the District Clerk's
Office of Hays County, Texas this _9th_
day of _September_, 20_16_.
Beverly Crumley, District Clerk

By: _Rachael Vaez_
             Deputy

TRUE AND
CORRECT COPY

FILED
8/22/2016 4:40:55 PM
Beverly Crumley
District Clerk
Hays County, Texas

## CAUSE NO. 16-1368

| | | |
|---|---|---|
| **LARRY LUERA and** | § | **IN THE DISTRICT COURT OF** |
| **LINDA LUERA** | § | |
| | § | |
| **VS.** | § | **HAYS  COUNTY, T E X A S** |
| | § | |
| | § | |
| **WRIGHT NATIONAL** | § | |
| **FLOOD INSURANCE COMPANY** | § | **428th JUDICIAL DISTRICT** |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME **LARRY LUERA** and **LINDA LUERA**, Plaintiffs, complaining of **TEXAS FARMERS INSURANCE COMPANY**, Defendant, and files this First Amended Original Petition, and in connection therewith would respectfully show the Court as follows:

### DISCOVERY PLAN

1.      Plaintiff would state that this lawsuit should be conducted under Discovery Level 3.

### PARTIES

1.      Plaintiffs **LARRY LUERA** and **LINDA LUERA** are residents of San Marcos, Hays County, Texas.

2.      Defendant **TEXAS FARMERS INSURANCE COMPANY** is a domestic insurance company, admitted to do business in the State of Texas and participating in FEMA's "Write Your Own" (WYO) program. Defendant issued a Standard Flood Insurance Policy (hereinafter referred to as "SFIP") in its own name, as a fiscal agent of the United States, to the Plaintiffs. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Defendant is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the policy. Defendant can be served by serving its Attorney for Service, Chris Granger, 15700 Long Vista Drive, Austin,

1



TRUE AND
CORRECT COPY

Texas 78728-3822.

## VENUE AND JURISDICTION

4.      The Court has jurisdiction over Defendant in that Defendant engages in the business of insurance in the State of Texas and because the property in question is also located in Hays County, Texas. The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs state that they seek monetary relief, the maximum of which is over $200,000.00 but not more than $1,000,000.00. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## STATEMENT OF FACTS

5.      Plaintiffs are the owner of a Texas Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Defendant. Plaintiffs own the insured property, which is located at 1115 Barbra Drive in San Marcos, Texas (hereinafter referred to as "the Property"). Defendant sold the policy, insuring the Property as to flood damage, to Plaintiff.

6.      On or about May 26, 2015, a tremendous amount of rain fell in the San Marcos area causing widespread flooding throughout the area. The flooding caused severe damage to Plaintiffs' property which in turn led to significant damages. Compliance with FEMA regulations and guidelines require an extensive remediation and rebuild of Plaintiffs' property. Shortly after the storm, Plaintiffs filed an insurance claim with Defendant for the damages. Plaintiffs asked that Defendant cover the cost of repairs to the Property pursuant to the Policy. Then again on October 31, 2015, Plaintiffs experienced another flood, sustained more damages, and filed another claim with Defendant for these damages pursuant to the Policy.



TRUE AND CORRECT COPY

7.      As detailed herein, Defendant wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Defendant underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by the Plaintiffs as well as under scoping the damages during their investigation. Additionally, Defendant continues to delay in the payment of the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to its Property.

8.      Defendant has failed to perform their contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it has refused to pay the full proceeds of the Policy although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

9.      Defendant misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Texas Insurance Code, Section 541.060(a)(1).

10.     Defendant has failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Texas Insurance Code, Section 541.060(a)(2)(A).

11.     Defendant has failed to explain to Plaintiffs the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate

TRUE AND
CORRECT COPY

that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Texas Insurance Code, Section 541.060(a)(3).

12.     Defendant has also failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Texas Insurance Code, Section 541.060(a)(4).

13.     Defendant has refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Texas Insurance Code, Section 541.060(a)(7).

14.     Defendant has also failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Texas Insurance Code, Section 542.055.

15.     Defendant has failed to accept or deny Plaintiffs' full and entire claim within statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes

TRUE AND
CORRECT COPY

a violation of the Texas Insurance Code, Prompt Payment of Claims. Texas Insurance Code, Section 542.056.

16.     Defendant has failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date Plaintiff has not yet received full payment for their claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Texas Insurance Code, Sections 542.057 and 542.058.

17.     From and after the time Plaintiffs' claim was presented to Defendant, Defendant's liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

18.     Defendant knowingly or recklessly made false and fraudulent representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs. As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

19.     Defendant is liable to Plaintiffs for common law fraud. Each and every one of these representations, as described above, concerned material facts for the reason Plaintiffs would not have acted and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, there causing Plaintiffs to suffer injury and constituting common fraud.

TRUE AND
CORRECT COPY

20.     Defendant is liable to Plaintiffs for intentional breach of contract, as well intentional violations of the Texas Insurance Code.

## CAUSES OF ACTION

## BREACH OF CONTRACT

21.     Plaintiffs incorporate herein by reference the factual statements set forth in paragraphs 1 through 20 above.

22.     Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiffs. Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitute a breach of Defendant's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICE AND THE PROMPT PAYMENT OF CLAIMS

23.     Plaintiffs incorporate herein by reference the factual statements set forth in paragraphs 1 through 22 above.

24.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Texas Insurance Code, Section 541.060(A). All violations under this article are made actionable by Texas Insurance Code, Section 541.151. Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of completion and an unfair and deceptive act or practice in the business of insurance. Texas Insurance Code, Section 541.060(1).

25.     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of



TRUE AND CORRECT COPY

competition and un unfair and deceptive act or practice in the business of insurance. Texas Insurance Code, Section 541.060(a)(2)(A).

26.     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Texas Insurance Code, Section 541.060(3).

27.     Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive at or practice in the business of insurance. Texas Insurance Code, Section 541.060(4).

28.     Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Texas Insurance Code, Section 541.060(7).

29.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Texas Insurance Code, Section 542.060.

30.     Defendant's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the Texas Insurance Code, Section 542.055.

TRUE AND
CORRECT COPY

31.    Defendant's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. Texas Insurance Code, Section 542.056.

32.    Defendant's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Texas Insurance Code, Section 542.057 and 542.058.

## KNOWLEDGE

33.    Plaintiffs incorporate herein by reference the factual statements set forth in paragraphs 1 through 33 above.

34.    Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

35.    Plaintiffs incorporate herein by reference the factual statements set forth in paragraphs 1 through 34 above.

36.    Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to its insureds in insurance contracts.

37.    Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant knew or should have known by exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

TRUE AND
CORRECT COPY

## FRAUD

38.     Plaintiffs incorporate herein by reference the factual statements set forth in paragraphs 1 through 37 above.

39.     Defendant made numerous representations to Plaintiffs concerning the Policy and what it covered in the event of a flood, such as that experienced by Plaintiffs on both occasions in question. These fraudulent representations continued throughout the two (2) claims processes. Defendant's representations were known by them to be false when made or made recklessly without knowledge of the truth and were made as positive assertions. In connection with the discussions between Plaintiff and Defendant, Defendant directly and indirectly made material misrepresentations to Plaintiff or failed to disclose material facts to Plaintiff concerning the benefits provided by the Policy.

40.     Defendant intended that Plaintiffs rely to their detriment and injury upon the false statements and impressions of fact being made, and on the presumption that no material facts of the contrary existed. Plaintiffs relied to their detriment upon the false statements and impressions of fact purposely created by Defendant. As a result of Defendant's fraudulent statements, concealments and failure to disclose, Plaintiffs have been damaged in excess of the minimum jurisdictional limits of this court.

41.     Defendant's actions were intentional and made with knowing disregard for the rights of the Plaintiffs. Consequently, Plaintiffs pray for punitive damages in addition to compensatory damages.

## DAMAGES

42.     Plaintiffs incorporate herein by reference the factual statements set forth in paragraphs 1 through 41 above.

TRUE AND
CORRECT COPY

43.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

44.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim together with attorney's fees.

45.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiffs ask for three times her actual damages. Texas Insurance Code, Section 541.152.

46.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorney's fees. Texas Insurance Code, Section 542.060.

47.     For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with interest and court costs.

48.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## REQUESTS FOR DISCLOSURE

49.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(l).

TRUE AND CORRECT COPY

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, Plaintiffs recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court in their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

**LAW OFFICES OF KEVIN R. MICHAELS, P.C.**

By:     /s/ Kevin R. Michaels
Kevin R. Michaels
State Bar No.: 00784598
888 W. Sam Houston Pkwy. S., Suite 226
Houston, Texas 77042
Telephone: 281-496-9889
Facsimile: 281-496-4211
kmichaels@michaelslaw.net

**ATTORNEY FOR PLAINTIFFS**

I, BEVERLY CRUMLEY, District Clerk of Hays County, Texas, hereby certify that the foregoing consisting of _11_ pages, is a true, correct and full copy of the instrument herewith set out as it appears of record in the District Clerk's Office of Hays County, Texas this _9th_ day of _September_, 20_16_.
Beverly Crumley, District Clerk

By: _Rachael Vasquez_
Deputy

TRUE AND CORRECT COPY

FILED
8/23/2016 9:58:45 AM
Beverly Crumley
District Clerk
Hays County, Texas

CAUSE NO. 16-1368

| | | |
|---|---|---|
| **LARRY LUERA and**<br>**LINDA LUERA** | § <br> § <br> § | IN THE DISTRICT COURT OF |
| **VS.** | § <br> § <br> § | HAYS COUNTY, T E X A S |
| **WRIGHT NATIONAL**<br>**FLOOD INSURANCE COMPANY** | § <br> § <br> § | 428th JUDICIAL DISTRICT |

## MOTION TO DISMISS WITH PREJUDICE

NOW COME **LARRY LUERA** and **LINDA LUERA**, Plaintiffs and file this Motion to Dismiss with Prejudice and in support of respectfully shows as follows:

Plaintiffs no longer wish to prosecute any of the alleged claims against Defendant **WRIGHT NATIONAL FLOOD INSURANCE COMPANY** and hereby request that this court dismiss all claims with prejudice to their refiling. Further, each party will bear their own costs.

WHEREFORE, PREMISES CONSIDERED, **LARRY LUERA** and **LINDA LUERA**, Plaintiffs pray that this Court grant their Motion to Dismiss with Prejudice and to further grant it whatever other relief, both in law and equity, to which they may be justly entitled.

Respectfully submitted,

LAW OFFICES OF KEVIN R. MICHAELS, P.C.

By: 		/s/ Kevin R. Michaels
		Kevin R. Michaels
		State Bar No.: 00784598
		888 W. Sam Houston Pkwy. S., Suite 226
		Houston, Texas 77042
		Telephone: 281-496-9889
		Facsimile: 281-496-4211
		kmichaels@michaelslaw.net

**ATTORNEY FOR PLAINTIFFS**

1

I, BEVERLY CRUMLEY, District Clerk of Hays
County, Texas, hereby certify that the foregoing
consisting of ___1___ pages, is a true, correct
and full copy of the instrument herewith set out
as it appears of record in the District Clerk's
Office of Hays County, Texas this ___9th___
day of ___September___, 20_16_.
Beverly Crumley, District Clerk

By: ___Rachael Vasquez___
                    Deputy

TRUE AND
CORRECT COPY

FILED
8/23/2016 10:46:35 AM
Beverly Crumley
District Clerk
Hays County, Texas

**CAUSE NO. 16-1368**

| | | |
|---|---|---|
| **LARRY LUERA and** | § | **IN THE DISTRICT COURT OF** |
| **LINDA LUERA** | § | |
| | § | |
| **VS.** | § | **HAYS  COUNTY, T E X A S** |
| | § | |
| | § | |
| **WRIGHT NATIONAL** | § | |
| **FLOOD INSURANCE COMPANY** | § | **428th JUDICIAL DISTRICT** |

## AMENDED MOTION FOR PARTIAL DISMISSAL WITH PREJUDICE

NOW COME **LARRY LUERA** and **LINDA LUERA,** Plaintiffs and file this Amended

Motion for Partial Dismissal with Prejudice and in support of respectfully shows as follows:

Plaintiffs no longer wish to prosecute any of the alleged claims against Defendant

**WRIGHT NATIONAL FLOOD INSURANCE COMPANY** only and hereby request that this

court dismiss all claims with prejudice to their refiling. Further, each party will bear their own

costs. This Motion does not affect Plaintiffs' claims against Defendant Texas Farmers Insurance

Company.

WHEREFORE, PREMISES CONSIDERED, **LARRY LUERA** and **LINDA LUERA,**

Plaintiffs pray that this Court grant their Amended Motion for Partial Dismissal with Prejudice as

to Defendant **WRIGHT NATIONAL FLOOD INSURANCE COMPANY** only and to further

grant it whatever other relief, both in law and equity, to which they may be justly entitled.

TRUE AND
CORRECT COPY

Respectfully submitted,

**LAW OFFICES OF KEVIN R. MICHAELS, P.C.**

By:    /s/ Kevin R. Michaels
       Kevin R. Michaels
       State Bar No.: 00784598
       888 W. Sam Houston Pkwy. S., Suite 226
       Houston, Texas 77042
       Telephone: 281-496-9889
       Facsimile: 281-496-4211
       kmichaels@michaelslaw.net

**ATTORNEY FOR PLAINTIFFS**

I, BEVERLY CRUMLEY, District Clerk of Hays
County, Texas, hereby certify that the foregoing
consisting of  2   pages, is a true, correct
and full copy of the instrument herewith set out
as it appears of record in the District Clerk's
Office of Hays County, Texas this  9th
day of  September , 20 16 .
Beverly Crumley, District Clerk

By: Rachael Vas
                    Deputy

TRUE AND CORRECT COPY

CITATION
THE STATE OF TEXAS

CAUSE NO. 16-1368

STYLED:  LARRY LUERA AND LINDA LUERA VS. WRIGHT NATIONAL FLOOD INSURANCE COMPANY AND TEXAS FARMERS INSURANCE COMPANY

TO:  TEXAS FARMERS INSURANCE COMPANY, UPON WHOM PROCESS MAY BE HAD BY SERVING ITS ATTORNEY FOR SERVICE, CHRIS GRANGER, 15700 LONG VISTA DRIVE, AUSTIN, TX 78728.

**NOTICE TO DEFENDANT:  "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."**

Attached is a copy of the **PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**, which was filed by the **PLAINTIFF'S**, in the above styled and numbered cause on the **22ND DAY OF AUGUST, 2016**, in the 428th District Court of Hays County, San Marcos, Texas.

Issued and given under my hand and seal of said Court at San Marcos, Texas on this the 25th day of August, 2016.

REQUESTED BY:
Kevin R. Michaels;
Law Offices of Kevin R Michaels
888 W Sam Houston Pkwy S Suite 226
Houston TX  77042
281-496-9889; 281-496-9889

BEVERLY CRUMLEY
Hays County District Clerk
Hays County Government Center
712 Stagecoach Trail, Ste. 2211
San Marcos, Texas, 78666

By: _Mallory Rogers_
Mallory Rogers, Deputy

---

## OFFICER'S RETURN

Came to hand on the ___ day of _____ 20___ at _____ o'clock ___M and executed the ___ day of _____ 20___ by  delivering to defendant _____ in person, a true copy of this citation with a copy of the petition attached thereto on ____ day of _____ 20___ at _____ o'clock ___M at _____ in _____ County, Texas.

[ ] Not executed. The diligence used in finding defendant being_____

[ ] Information received as to the whereabouts of defendant being_____

Service Fee:$_____

Sworn to and subscribed before me this the
_____day of_____,_____.

SHERIFF/CONSTABLE/AUTHORIZED PERSON
BY:_____

_____
Printed Name of Server

_____
NOTARY PUBLIC, THE STATE OF TEXAS          _____County, Texas

ORIGINAL FOR RETURN

I, BEVERLY CRUMLEY, District Clerk of Hays
County, Texas, hereby certify that the foregoing
consisting of ___1___ pages, is a true, correct
and full copy of the instrument herewith set out
as it appears of record in the District Clerk's
Office of Hays County, Texas this ___9th___
day of ___September___, 20_16_.
Beverly Crumley, District Clerk

By: _Rachael Vas_____
                    Deputy

TRUE AND
CORRECT COPY

FILED
9/14/2016 10:13:05 AM
Beverly Crumley
District Clerk
Hays County, Texas

### CAUSE NO. 16-1368

| | | |
|---|---|---|
| **LARRY LUERA and** | § | **IN THE DISTRICT COURT OF** |
| **LINDA LUERA** | § | |
| | § | |
| **VS.** | § | **HAYS COUNTY, T E X A S** |
| | § | |
| | § | |
| **WRIGHT NATIONAL** | § | |
| **FLOOD INSURANCE COMPANY** | § | **428th JUDICIAL DISTRICT** |

### PLAINTIFFS' NOTICE OF NONSUIT WITH PREJUDICE AS TO DEFENDANT WRIGHT NATIONAL FLOOD INSURANCE COMPANY

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **LARRY LUERA** and **LINDA LUERA**, Plaintiffs in the above-entitled and numbered cause, and pursuant to Rule 162 of the Texas Rules of Civil Procedure, file this Notice of Non-Suit with Prejudice as to their claims and causes of action asserted herein against **WRIGHT NATIONAL FLOOD INSURANCE COMPANY** only. All costs of court are to be taxed against the party incurring the same.

Respectfully submitted,

**LAW OFFICE OF KEVIN R. MICHAELS, P.C.**

By:     */s/ Kevin R. Michaels*
Kevin R. Michaels
State Bar No.: 00784598
888 W. Sam Houston Pkwy. S., Suite 226
Houston, Texas 77042
Telephone: 281-496-9889
Facsimile: 281-496-4211
kmichaels@michaelslaw.net

**ATTORNEY FOR PLAINTIFFS**

TRUE AND
CORRECT COPY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record via facsimile/email/electronic transmission this 14th day of September 2016.

/s/ Kevin R. Michaels
Kevin R. Michaels

I, BEVERLY CRUMLEY, District Clerk of Hays County, Texas, hereby certify that the foregoing consisting of ___ pages, is a true, correct and full copy of the instrument herewith set out as it appears of record in the District Clerk's Office of Hays County, Texas this ___ day of ___ , 20___ Beverly Crumley, District Clerk

By: _____
Deputy